FILED
May 05, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002611242

4
RANDELL PARKER
3820 Herring Road
Arvin, CA  93203
(661)854-1503

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br>**JAMES D. KILGORE and<br>NORMA JEAN KILGORE,**<br><br>          Debtors.<br>_____/ | Case No.  09-60469-B-7K<br>DC No.    RP-2<br><br>Date:  June 3, 2010<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>          1300 18th Street, Suite A<br>          Bakersfield, CA<br>Judge:Honorable W. RICHARD LEE |

### MOTION FOR ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY AT PUBLIC AUCTION

Randell Parker, Chapter 7 Trustee moves this court for an Order Authorizing Trustee to Sell Personal Property at Public Auction Sale and represents as follows:

1. James D. Kilgore and Norma Jean Kilgore ("Debtors") converted from Chapter 11 to Chapter 7 on February 8, 2010. Randell Parker is the duly qualified, appointed and acting trustee in the case filed by Debtors.

2. The assets of the estate include, but are not limited to, a 2003 GMC Sierra 3500, and a 1987 Chevrolet Corvette. According to the Amended Schedules of Assets and Liabilities filed by Debtors on February 22, 2010, the personal property is owned free and clear of any liens, however the Debtors claim an exemption of $3,000.00 on the 1987 Corvette, no exemption was claimed on the 2003 GMC Sierra 3500.

3. The Trustee seeks authority to sell the personal property at a public auction on or about June 5, 2010, under 11 U.S. C. § 363(b)(1). The court has jurisdiction under 28 U.S.C. § 1334 and 11 U.S.C. § 363. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (N). The Trustee believes that selling the personal property at public auction will yield the best price obtainable for the vehicle under the circumstances of the Chapter 7 case filed by Debtors.

4. The 2003 GMC Sierra 3500 is currently located at 30602 Imperial Street, Shafter, CA, 93263, however the debtor is in possession of the 1987 Chevrolet Corvette. The Trustee is informed that the auction will be conducted at 30790 7th Standard Road, Shafter, CA, 93263.

5. In order to expedite the sale of the personal property, the Trustee entered into an agreement with Jerry Gould of Gould Auction and Appraisal Company, to advertise and manage the auction ("Auctioneer").

6. According to the agreement between the Trustee and Auctioneer, the fees for professional services rendered by Gould Auction & Appraisal Company are as follows:

    a.      Auctioneer is to receive a commission of 15% (fifteen percent) on the gross proceeds from the sale of the unencumbered vehicle.

    b.      Buyer will be charged a $50.00 fee to cover Department of Motor Vehicle transfer of title expense. The $50.00 DMV fee will be paid directly to the Auctioneer.

    c.      Auctioneer's commission will be noticed in the Trustee's Notice of Hearing on Motion for Order Authorizing Trustee to Sell Vehicles at Public Auction Sale and creditors will be given the opportunity to object to said commission. If no objections are presented at the hearing, the auctioneer will be paid by the Trustee from the proceeds of said auction sale within ten days of receipt of funds from the auctioneer.

d.  Auctioneer will be paid $100.00 for the pick-up and storage of the personal property, however Auctioneer will bear the cost of all other ordinary expenses including, but not limited to, security, advertising, and other costs of sale. Auctioneer will be reimbursed for any extraordinary expenses, such as repair work deemed by the Trustee to be necessary and beneficial to the estate, in an amount not to exceed $500. Auctioneer will be reimbursed for any extraordinary expenses in excess of $500. only after approval of the Court.

e.  A reserve will be placed on the 1987 Corvette in order to cover Debtors' exemption and costs of sale. The personal property will not be sold if the reserve is not met.

f.  Auctioneer will be responsible for collecting and paying all sales tax in relation to this auction.

g.  The Trustee has reviewed the $100,000 bond provided by the Auctioneer.

7. The Trustee believes that the sale of the personal property at a public auction sale is in the best interest of all parties concerned because (a) it allows the vehicle to be shown to a wide variety of potential buyers, and (b) it allows the estate to find a buyer and complete the sale in a short period of time.

8. The details of the compensation of the Auctioneer will be subject to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction.*

WHEREFORE, the Trustee prays that:

1. The *Motion for Order Authorizing Trustee to Sell Personal Property at Public Auction* filed by Randell Parker, Chapter 7 Trustee be granted;

2. He be authorized to sell the personal property at public auction pursuant to the terms and conditions set forth in the *Application for Order Authorizing Employment of Auctioneer to Conduct Public Auction;*

3. He be authorized to pay Gould Auction and Appraisal Company from the proceeds received from the auction sale; and

4. He be given such other relief as the Court deems just and proper.

**DATED: May 3, 2010**                                    /s/ Randell Parker